IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KHUDAIDAD,** | ) |
| **Petitioner,** | ) ) ) |
| v. | ) Civil Action No. 05-997 (PLF) ) |
| **GEORGE W. BUSH,** **President of the United States,** *et al.*, | ) ) ) ) |
| **Respondents.** | ) ) |

## RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF
## MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS

Respondents hereby submit this reply memorandum in support of their motion to stay proceedings pending related appeals in the above-captioned case.

### ARGUMENT

As an initial matter, on December 30, 2005, the President signed into law the Department of Defense Appropriations Act, 2006, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 (2005), also known as the Detainee Treatment Act of 2005, which, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba, and creates an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of such aliens held as enemy combatants. Id. § 1005(e)(1), (h)(2). Respondents anticipate filing in the Guantanamo detainee cases, including the instant case, a motion to dismiss or for other appropriate relief based on the new law.[1]  A

---

[1] The effect of the Detainee Treatment Act of 2005 will also be addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit.

stay of other proceedings in this case is appropriate, at the very least, pending resolution of respondents' motion regarding the new, statutory withdrawal of the Court's jurisdiction.[2] A stay is further appropriate for the reasons discussed in respondents' prior motion to stay and discussed below.

I.      **The Court Has the Authority to Grant a Stay at This Stage of the Proceedings.**

Preliminarily, there is nothing in the habeas statute that constrains the Court's broad authority to provide for an orderly schedule and otherwise manage habeas proceedings to further an efficient expenditure of litigation resources. Indeed, pursuant to the Rules Governing Section 2254 Cases in the United States District Courts (the "2254 Rules"),[3] a court may extend the

---

[2] Indeed, because the Detainee Treatment Act of 2005 vests "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to order relief in the interim that might affect the Court of Appeals' exclusive jurisdiction. See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).

[3] The 2254 Rules are applicable to petitions for writ of habeas corpus other than those arising under 28 U.S.C. § 2254, such as the petitions in this case. See 2254 Rule 1(b) ("In applications for habeas corpus in cases not covered by subdivision (a) [involving persons in state custody], these rules may be applied at the discretion of the United States district court."); Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241."); Ukawabutu v. Morton, 997 F. Supp. 605, 608 n.2 (D.N.J. 1998) (The 2254 Rules "apply to petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254."); Wyant v. Edwards, 952 F. Supp. 348, 352 (S.D. W.Va. 1997) ("[T]he Court has concluded that the § 2254 Rules were intended to apply to § 2241 cases . . ."); Hudson v. Helman, 948 F. Supp. 810, 811 (C.D. Ill. 1996) ("Thus, while the instant Petition is brought pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2254, and involves a prisoner in federal custody, the Rules Governing Section 2254 Cases may still be applied here."); Kramer v. Jenkins, 108 F.R.D. 429, 431 (N.D. Ill. 1985) ("[A]lthough [petitioner's] petition is under section 2241, and not section 2254, the court may properly apply Rule 4 of the 2254 Rules."). Petitioners have presented no authority to the contrary.

deadline for responses to habeas petitions beyond the time limits set forth in 28 U.S.C. § 2243 — the 2254 Rules do not indicate a fixed deadline for responding to habeas petitions, and they supersede the time limits set forth in 28 U.S.C. § 2243.  Rule 4 provides that the judge shall "order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order."  See also Bleitner v. Welborn, 15 F.3d 652, 653-54 (7th Cir. 1994) ("[T]he Rules Governing Section 2254 Cases in the United States District Courts, which have the force of a superseding statute, 28 U.S.C. § 2072(b) . . . loosened up the deadline for responses.  Rule 4 leaves it up to the district court to fix the deadline."); Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (denying § 2241 petitioner's request for expedited consideration because "[t]he discretion afforded by Rule 4 of the 2254 Rules "prevails" over the strict time limits of 28 U.S.C. § 2243"); Kramer v. Jenkins, 108 F.R.D. 429, 431 (N.D. Ill. 1985) (denying § 2241 petitioner's motion for correction of court scheduling order because "in the conflict between Rule 4 of the 2254 Rules and 28 U.S.C. § 2243, Rule 4 must prevail").  Furthermore, the 2254 Rules have provided courts with the discretion to consider the burdens involved in filing responses to habeas petitions when implementing case management schedules.  See Advisory Committee Notes to 2254 Rules; see also Lonchar v. Thomas, 517 U.S. 314, 325 (1996) (stating that the 2254 Rules confer "ample discretionary authority" on district courts "to tailor the proceedings" in habeas cases).  Thus, this Court has the authority to grant a stay of proceedings at this juncture.  See Landis v. North American Co., 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); id. at 256 (noting propriety of stay in cases "of extraordinary public moment").

**II.     A Stay of Proceedings Is Appropriate.**

It cannot be disputed that the resolution of the effect of the Detainee Treatment Act of 2005, as well as appeals of the decisions of Judges Leon and Green in Khalid v. Bush, Nos. 04-CV-1142 (RJL), 355 F. Supp.2d 311 (D.D.C. 2005), appeals docketed, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and In re Guantanamo Detainee Cases, 355 F. Supp.2d 443 (D.D.C. 2005), petition for interlocutory appeal granted, No. 05-8003 (D.C. Cir. Mar. 10, 2005), will address the core jurisdictional and other issues in the Guantanamo detainee habeas cases and, thus, determine how these cases should proceed, if at all.[4]  Thus, it would be a wasteful expenditure of resources to proceed with litigation regarding the alleged rights of detainees at Guantanamo Bay when the law governing any such rights is presently in dispute and will be resolved either through the motion to dismiss or by the Court of Appeals on an expedited basis. Several Judges of this Court, including Your Honor, have already recognized the propriety of a stay pending the Khalid and In re Guantanamo Detainee Cases appeals and generally have stayed proceedings in Guantanamo detainee habeas cases pending before them.[5]  Consistent with this

---

[4] Oral Argument before the D.C. Circuit in these cases was held on September 8, 2005.

[5] See, e.g.  Al-Wazan v. Bush, No. 05-CV-0329 (PLF) (dkt. no. 15); Al-Shihry v. Bush, No. 05-CV-0490 (PLF) (dkt. no. 14);  Mokit v. Bush, No. 05-CV-0621 (PLF) (dkt. no. 13); Deghayes v. Bush, No. 04-CV-2215 (RMC) (dkt. no. 7); Saib v. Bush, 05-CV-1353 (RMC); Ahmed v. Bush, No. 05-CV-0665 (RWR) (dkt. no. 16); Adem v. Bush, No. 05-CV-0723 (RWR) (dkt. no. 13);  Mangut v. Bush, No. 05-CV-1008 (JDB) (dkt. no. 2); Salaam v. Bush, No. 05-CV-1013 (JDB) (dkt. no. 2);  Al Mohammed v. Bush, No. 05-CV-0247 (HHK) (dkt. no. 18); El-Mashad v. Bush, No. 05-CV-0270 (JR) (dkt. no. 29); Al-Adahi v. Bush, No. 05-CV-0280 (GK) (dkt. no. 35); Al Joudi v. Bush, No. 05-CV-0301 (GK) (dkt. no. 26);; Al-Anazi v. Bush, No. 05-CV-0345 (JDB) (dkt. no. 21); Alhami v. Bush, No. 05-CV-0359 (GK) (dkt. no. 20); Ameziane v. Bush, No. 05-CV-0392 (ESH) (dkt. no. 12); Sliti v. Bush, No. 05-CV-0429 (RJL) (dkt. no. 8); M.C. v. Bush, No. 05-CV-0430 (ESH) (dkt. no. 10); Kabir v. Bush, No. 05-CV-0431 (RJL) (dkt. no. 10); Qayed v. Bush, No. 05-CV-0454 (RMU) (dkt. no. 4); Aziz v. Bush, No. 05-CV-492 (JR) (dkt. no. 16); Qassim v. Bush, No. 05-CV-0497 (JR) (dkt. no. 14); Al-Oshan v. Bush, No. 05-

approach, proceedings in the above-captioned case should also be stayed.

Petitioner's dismissive treatment of the needless expenditure of judicial and litigation resources that would result from additional proceedings in this case ignores the cascade effect that would follow from not staying the case. See Pet's Opp. at 3. Presently, there are more than 190 habeas cases pending on behalf of well over 300 detainees at Guantanamo Bay; the majority of those cases and petitioners were not subject to the decisions of Judges Leon and Green in Khalid, et al. and In re Guantanamo Detainee Cases. A decision to allow proceedings to go forward pending the resolution of the appeals could precipitate a chain reaction — the scores of petitioners in other pending and future Guantanamo Bay detainee habeas cases, seeking parity of treatment, would request the Court to allow additional proceedings in those cases, perhaps even by lifting or modifying stays that have already been entered. This scenario is exactly what Judge Green aimed to avoid when she denied petitioners' motion to reconsider her order granting a stay pending appeal "in light of the substantial resources that would be expended and the significant burdens that would be incurred should this litigation go forward." See Order Denying Motion for

---

CV-0520 (RMU) (dkt. no. 12); Tumani v. Bush, No. 05-CV-0526 (RMU) (dkt. no. 5); Al-Oshan v. Bush, No. 05-CV-0533 (RJL) (dkt. no. 6); Al Shamri v. Bush, No. 05-CV-0551 (RWR) (dkt. no. 10); Salahi v. Bush, No. 05-CV-0569 (JR) (dkt. no. 8); Mammar v. Bush, No. 05-CV-0573 (RJL) (dkt. no. 5); Al-Sharekh v. Bush, No. 05-CV-0583 (RJL) (dkt. no. 9); Magram v. Bush, No. 05-CV-0584 (CKK) (dkt. no. 9); Al Rashaidan v. Bush, No. 05-CV-0586 (RWR) (dkt. no. 10); Al Daini v. Bush, No. 05-CV-0634 (RWR) (dkt. no. 10); Battayav v. Bush, No. 05-CV-0714 (RBW) (dkt. no. 12); Hamlily v. Bush, No. 05-CV-0763 (JDB) (dkt. no. 10); Imran v. Bush, No. 05-CV-0764 (CKK) (dkt. no. 6); Hamamy v. Bush, No. 05-CV-0766 (RJL) (dkt. no. 6); Hamoodah v. Bush, No. 05-CV-0795 (RJL) (dkt. no. 13); Rahmattullah v. Bush, No. 05-CV-0878 (CKK) (dkt. no. 3); Nasrat v. Bush, No. 05-CV-0880 (ESH) (dkt. no. 4); Slahi v. Bush, No. 05-CV-0881 (RWR) (dkt. no. 5); Chaman v. Bush, No. 05-CV-0887 (RWR) (dkt. no. 7); Gul v. Bush, No. 05-CV-0888 (CKK) (dkt. no. 3); Basardh v. Bush, No. 05-CV-0889 (ESH) (dkt. no. 4); Shaaban v. Bush, No. 05-CV-0892 (CKK) (dkt. no. 3); Tohirjanovich v. Bush, No. 05-CV-0994 (JDB) (dkt. no. 4); Al-Khalaqi v. Bush, No. 05-CV-0999 (RBW) (dkt. no. 3); Kahn v. Bush, No. 05-CV-1001 (ESH) (dkt. no. 3).

Reconsideration of Order Granting Stay Pending Appeal in In re Guantanamo Detainee Cases (Feb. 7, 2005) (Green, J.). Indeed, any proceedings in this case that are permitted to go forward very likely would need to be revisited or relitigated, and may be shown to have been altogether unnecessary, once either the effect of the Detainee Treatment Act is determined or the Court of Appeals provides guidance regarding handling of the habeas claims of Guantanamo Bay detainees such as petitioner Khudaidad. Thus, in the interest of efficiency of judicial and litigation resources, as well as to minimize administrative burdens, this Court should hold proceedings in the above-captioned case in abeyance pending the outcome of the appeals of the decisions by Judges of this Court in the other Guantanamo Bay detainee cases. In the event the stay in this case is modified to allow the submission of factual returns, however, it could only be done pursuant to a coordinated and reasonable schedule, taking account of the fact that petitioners in all the recently filed cases are seeking factual returns and given the logistical burdens posed by an undertaking to produce returns in the cases. Though the submission of factual returns should not go forward at all, a schedule for any such undertaking should be no more restrictive than is necessary; for example, a schedule for the rolling production of factual returns in these (and potentially other) cases over anything less than the next 10 to 12 weeks would be unreasonable.[6] See e.g., Al-Anazi, No. 05-CV-0345 (JDB) (dkt. no. 21) (imposing

---

[6] Petitioner's opposition seeks production of factual returns within 30 days. See Pet's Opp. at 10. That request, if granted, would result in an unnecessary logistical burden for respondents. Each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations and Executive Orders. Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel. Further, submission of these returns will increase the risks of inadvertent or other disclosure or compromise of classified information. Given that the proper scope of these proceedings will soon be decided, including

120-day schedule); Al-Joudi, No. 05-301 (GK) (dkt. no. 26) (imposing 90-day schedule); Al-Adahi, No. 05-280 (GK) (dkt. no. 35) (imposing 90-day schedule); Ameziane, No. 05-CV-392 (ESH) (dkt. no. 12) (imposing 90-day schedule); Qayed, No. 05-CV-0454 (RMU) (dkt. no. 5) (imposing 90-day schedule); Battayav, No. 05-CV-0714 (RBW) (dkt. no. 12) (imposing 120-day schedule).

### III.  The Court Should Not Condition a Stay in This Case on the Imposition of the Preliminary Injunctive Relief Sought By Petitioner.

Petitioner seeks to condition a stay in this case on a requirement of 30-days' advance notice of any transfer of petitioner from Guantanamo. Pet's Mem. at 5. In seeking such conditions, petitioner attempts to sidestep his burden of demonstrating that he is entitled to preliminary injunctive relief. Petitioner's attempt, however, must fail because his request is injunctive in nature, and preliminary injunctive relief "is an extraordinary and drastic remedy" that should not be available "unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis in original). Preliminary injunctive relief is not warranted unless the movant can clearly demonstrate that (1) the movant will suffer irreparable injury in the absence of an injunction; (2) the movant has a substantial likelihood of success on the merits with respect to the requested relief; (3) the injunction would not substantially injure other interested parties; and (4) the injunction would further the public interest. See Al-Fayed v. CIA, 254 F.3d 300, 303 (D.C. Cir. 2001).

Petitioner cannot circumvent these requirements merely by seeking the same measures of

---

whether the claims of petitioner can be dismissed without reference to specific factual returns for petitioner, there is no justification to incur substantial burdens on government resources and increase the risk to national security by providing petitioner's counsel access to factual returns which may ultimately prove unnecessary.

relief in the form of a condition on a requested stay. Two other decisions in related Guantanamo detainee cases have rejected such tactics attempting to condition a stay on an advance notice of requirement. In <u>Al-Anazi v. Bush</u>, 370 F. Supp. 2d 188, 199 n.11 (D.D.C. 2005), the Court rejected petitioners' request for advance notice of transfer and explained that "if petitioners cannot meet the prerequisites of a motion for preliminary injunction (as the Court concludes), it is unlikely they should receive that same relief through the backdoor of a stay." Similarly, in <u>Battayav v. Bush</u>, No. 05-CV-714 (RBW), Order at 3-5 (May 18, 2005) (dkt. no. 12), the Court determined that petitioners' requests that any stay order imposed be accompanied by an order requiring respondents to provide 60 days' notice of any Administrative Review Board proceeding were effectively a request for preliminary injunctive relief without any factual support. The Court stated that petitioners' request for 60 days' notice was "in effect a motion for a preliminary injunction," but petitioners made "no attempt to show that they satisfy the criteria for obtaining injunctive relief, <u>e.g.</u>, irreparable harm and likelihood of success on the merits." <u>Id.</u> at 4-5. Likewise here, petitioner makes no showing justifying the requested 30-days advance notice of transfer. For this reason, as well as the reasons stated in the attached memorandum in <u>Al Hela v. Bush</u>, Civ. A. No. 05-1048 (RMU), on June 3, 2005 (dkt. no. 10), petitioner's request should be denied.

## CONCLUSION

For the reasons stated in respondents' motion to stay proceedings pending related appeals and for continued coordination, and in this supporting reply memorandum, this Court should stay further proceedings in the above-captioned cases pending resolution of the effect of the Detainee Treatment Act of 2005 on this Court's jurisdiction over this case and/or resolution of the appeals

8

of Judge Leon's decision in <u>Khalid, et al.</u> and Judge Green's January 31, 2005 decision in <u>In re Guantanamo Detainee Cases</u> and deny petitioner's requested conditions on such a stay.

Dated: January 12, 2006          Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel

   /s/ James J. Schwartz
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ (D.C. Bar No. 468625)
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7310
Washington, DC  20530
Tel:  (202)616-8267
Fax:  (202) 616-8202

Attorneys for Respondents